1928 Mr. Rossato, we're ready when you are and, well actually you're Mr. Burrowbridge, correct? Yes, Your Honor. All right, and you reserve five minutes of rebuttal time. That's correct. May it please the Court, Adam Burrowbridge on behalf of veteran appellant Robert Trofiak. Your Honors, the veteran court reversibly erred in two ways, thus requiring a remand in order to create a factually sufficient record for review and to apply Diagnostic Code 7806 under its proper interpretation. First, the court misinterpreted... Before we get a little too far, can you explain why we have jurisdiction in this case? Aren't there two arguments at the bottom that we apply the facts to the law differently than what happened below? No, Your Honor, not at all. This court certainly has jurisdiction over the case for multiple reasons. First, the veterans court itself... Even if we follow your argument to the very end, doesn't that put us in a position of making a factual finding that really should have been done below? No, Your Honor, and yes. You should not be making the factual finding, and you're correct that the factual finding should have been made below. It should have been made by the board in the first instance. However, in this case, the board didn't look at the requisite factual findings at the time because this court changed the law in Johnson. Pre-Johnson, there was a per se rule such that for a treatment to qualify as a systemic therapy under Diagnostic Code 7806, it must have a corticosteroid. However, after this court decided, Johnson, that was no longer the case. Johnson made clear that topical treatments such as clotrimazole 1% could be... No, Your Honor. I want you to find that the factual record reviewed by the veterans court was insufficient for review. That's reweighing the facts. No, Your Honor, because the veterans court never had the facts before it. The veterans court never had the dispositive factual question at issue in this case. What facts do you think that the board should have looked at that aren't in the record? The board should have looked at whether his topical treatment, clotrimazole 1%, affected his body as a whole. Johnson is crystal clear on that, and so is Burton. Burton is a controlling precedential case for the veterans court. But the court did consider that argument. If you look at the next to last paragraph of its opinion, it specifically mentions that you argued that or you attempt to the extent you state that, unlike Johnson, he does argue the topical application had a broad systemic effect. It goes on to say no argument is presented here. You're referring to the court's decision, not the board's, correct? Yeah, yeah. I mean, the court has made a finding that to the extent you're arguing that this topical application had a systemic, you know, or to the extent you could argue that, you didn't actually present an argument on that point. Yes, Your Honor. Explaining the rest of the opinion, which admittedly could have been better, more clearly written, talking about how he didn't get a corticeroid because that was the argument that was presented to the veterans court, that he was getting a corticeroid. And the veterans court found the board's decision on that point was correct. So what you're left with is arguing now that a topical appointment that isn't a corticeroid, that's not applied over his whole body, is somehow systemic. And the veterans court said you didn't even make an argument on that point to them in the first place. Multiple points. I'd like to address them all. To start with the waiver argument, the veterans court found that the argument was waived because it found that the arguments were undeveloped. Well, of course the arguments were undeveloped because Mr. Tropiak never had an opportunity to put on the requisite factual findings under the appropriate interpretation of Diagnostic Code 7806. That's because when the board reviewed his case, it was pre-Johnson's decision from this court. So the legal standards changed, the evidentiary standards changed, such that Mr. Tropiak has never had a full and fair adjudication. I don't understand. So you're arguing that the veterans court decided the case upon an incomplete factual record? Yes, Your Honor. Certainly. I'm not sure that that's still a question within our jurisdiction about whether the veterans court gets to decide whether the factual record is sufficient or not. That's a reasons and bases remand, and we don't have jurisdiction over those kind of arguments. So if you had presented that argument squarely to the veterans court and said the record below is insufficient, and the veterans court had said no, it's not, that argument wouldn't be within our jurisdiction either. And that seems to me like the argument you're making today, even though it's not what I thought was the argument you were making in your brief. Your Honor, if you look at Joint Appendix page 2150, it's very clear that the veteran in this case raised this issue to the court. But now I'm not asking you that question about raising it. Isn't an argument that the record was insufficient the type of argument that's a reasons and bases remand from the veterans court to the board to provide additional reasons and bases and to develop the record? Those are application of law to fact that we don't get a review. Your Honor, I disagree because in this case it's clear that the veterans court misinterpreted 7806. Let me back up. And I appreciate you're probably handling this pro bono, and I appreciate that. But it is indisputable that we don't get a review, a veterans court decision whether to remand for additional reasons and bases. Yes, Your Honor. It sounds to me that that's exactly what you're arguing, that the veterans court should have remanded this to the board to expand the record and take another look at it. Your Honor. Is that what you're arguing, that the veterans court should have remanded this to the board to allow additional evidence and take another look? That's one argument, but we have multiple arguments. Move on to one that seems more likely within our jurisdiction. That sounds great. So Diagnostic Code 7806, again, changed the evidentiary standards under which Mr. Tropiak had an opportunity to put his case on and to show that his case met the requisite legal standards and factual standards changed between the board decision and the veterans court decision, such that the veterans court had a duty to look at the board's decision and interpret the diagnostic code correctly. Okay, but I'm still not seeing anything within our jurisdiction because it sounds to me like you're saying, well, the legal standard changed and the court should have either remanded it to the board to apply it again or should have itself applied it differently. Again, all application of law in effect. There's no dispute over what the legal standard is, right? I don't know that that's necessarily the case because in this case, Your Honor, the secretary has argued that the factual record is complete and it's sufficient for this court and the veterans court to pass judgment on whether or not Mr. Tropiak's topical treatment affected his whole body. That factual finding is nowhere in the board's decision below, and the secretary has since conceded that that factual circumstance, that factual finding is a case-by-case question of fact that must be remanded for the board to make in the first instance. The veteran court does not have jurisdiction to make that determination. That would have been for the veterans court to do, not us. Your Honor, this court has jurisdiction to review an error of law made by the veterans court. Not if it's an application of law in effect. And in this case, it's not an application of law in effect. It's a misapplication of. You just described the error as using the word application again. I mean, I'm sorry, but what everything you're saying to me is you think this case changed the law. I suspect the secretary is going to say it doesn't, but I don't think we have to get into that. You say there's a new legal standard and that the court should have remanded for further development in a different application. Is that essentially the error you think the veterans court made? The veteran court made that error after having misinterpreted the diagnostic code 7806 in light of Johnson, and it also made an error in its application of Warren. In this case, the veterans court said that Warren does not apply because his therapy was not applied orally. And Johnson teaches that oral administration or the root administration is not what defines whether or not the therapy qualifies as systemic therapy under DC 7806. What qualifies a treatment as systemic therapy is whether or not the therapy affects the whole body. So, Your Honor, the court made at least two misinterpretations in a regulation that this court has jurisdiction to review. And you're referring to regulation section 4.118. Yes, Your Honor. And, OK, are you saying that they misinterpreted that regulation? Yes, Your Honor. And that's because when the law changed or the precedent changed, then the DC 7806 changed. Correct. And that's where the word, after the word such as, intermediate systemic therapy, such as, and then it lists corticosteroids and other immunosuppressive drugs. You're saying that that word, such as, now brings you into the gambit where a topical application could be considered a systemic treatment. That's correct, Your Honor. That's clear from Warren. If we go that far with branching all that up to this point, what do we do? I mean, you're asking us to make a determination that the topical application is a systemic therapy. And that's a fact you're finding. Your Honor, we're not asking that this court find that the topical application is a systemic therapy. We're asking this court to clarify to the Veterans Court that a topical treatment can qualify as a systemic therapy. And it must look at the facts below. Yeah, that should be done below. Where did the court say in its opinion that a topical application could never qualify as systemic? The court, in this case, the Veterans Court? Yeah. On page three of the joint appendix, on page three of the decision, it's clear at the top of the last paragraph in that page that what the court did was apply a per se rule. And it looked to see whether or not his topical treatment contained a corticosteroid. That is the law before Johnson. Wait, wait. Can you point to me specifically? Yes, Your Honor. It's page three of the joint appendix. It says the appellant has failed to persuade the court that the board... Can you hang on for a second? Yes, Your Honor. Oh, you're looking at the last paragraph on that page? Yes, Your Honor. Okay, thank you. But they cited the correct law right before that. When they're talking about Johnson and said that the use of topical steroids does not automatically mean... Yes, Your Honor, because that's the per se rule. No, but they're saying the federal circuit reversed that rule. The court recognizes that rule is no longer good. But that doesn't mean that it's applying the rule correctly. And I'm not saying applying to the facts of this case. They basically talk about applying your legal argument without using the word applying because you're going to lose on jurisdiction if you talk about applying it. I don't understand how, reading this paragraph, it's not clear that they understand what the new rule is. They cite our case on this point. Your Honor, this same issue has come up again to the Veterans Court. The Veterans Court took the identical opposite tact. And what it did was it remanded on the specific drug at issue here. But that's the decision the Veterans Courts get to make. Here, I mean, you go on and read the rest of this, and it is true that they're only talking about whether his treatment had a cortisteroid, but that's because that's what he argued to them, that his ointment was a steroid. Your Honor, the Board has a duty to assist the Veteran. And in this case, the Board has a duty to assist the Veteran such that every treatment that he had could be . . . But you're not arguing that a breach of the duty to assist is within our jurisdiction either, are you? No, Your Honor. What I'm telling you is that in these given circumstances, the duty to assist makes it even more apparent that the evidentiary standards have changed such that the Veterans Court should have reviewed this decision, seen that the legal standards changed, seen that the evidentiary standards had changed, and realized that the record was insufficient for review. As a matter of . . . I think we have your argument. And I'm just letting you know that you're willing to allow time. If you want to reserve, you've got about two minutes. Thank you, Your Honor. I'll reserve the remainder. All right. Thank you. Attorney Christian. Good morning, Your Honors. May it please the Court. In this case, Mr. Tropia . . . You agree that a topical application can be systemic in certain circumstances, right? Yes, Your Honor. That's the holding of Johnson v. Shulton. Well, Johnson v. Shulton only addressed topical corticosteroids, but it does say that . . . But you agree that it doesn't have to be a cortical steroid to be systemic. It can be something else if the record shows that. Johnson v. Shulton leaves open this window that a topical treatment can, in certain factual circumstances, be systemic therapy. And the example they use is a large-scale application to the body. I mean, the Veterans Court decision here isn't as clear as it could be, because it does seem to say over and over again that the reason he loses is because this is a corticosteroid, not because it's not systemic. The Veterans Court . . . Which could lead one to think that they are using the wrong standard. The Veterans Court . . . In order to understand the Veterans Court, it's helpful to look at the arguments that Mr. Tropiac made to it with his previous counsel. And all the arguments before the Board, because of the Johnson v. McDonald situation, were about whether his topical treatment contained a corticosteroid or not. So then when we get to the Veterans Court decision, by the time the Veterans Court briefing was happening, Johnson v. Shulton had come out. So Mr. Tropiac was free to make to the Veterans Court any arguments that he had that he felt were opened by Johnson v. Shulton to the extent that he felt his topical treatment affected his body as a whole. Did he argue at that time that there should be a remand for further development of the record by the Board for Johnson? Mr. Tropiac did ask for a remand. He did not ask for it in the context, I believe, that the Board had made a factual error or did not have sufficient facts before it or needed to further develop the effect of the treatment on his body. He simply made a statement that, unlike the person in Johnson, I say this has a whole body effect on me. You said that he did ask for a remand? Yes. And how was that treated? The Veterans Court simply affirmed the Board and thus found that there was not going to be a remand. And that's because he did not request further factual development. Whatever now that Mr. Tropiac is bringing up this Burton case, the fact that the Veterans Court in Burton has now taken a certain interpretation of Johnson v. Shulton or told the Board that the Board now needs to make more sorts of factual development does not mean there was a legal error in this Veterans Court case. The Veterans Court considered the facts that the Board had. The Veterans Court in this case obviously considered that the Board had enough facts and affirmed it on that conclusion and found Mr. Tropiac's arguments were simply not persuasive or had been waived. That is not a question of legal interpretation of 7806. There is nothing in the Veterans Court decision that at all states that DC 7806 means that systemic therapy can only be corticosteroids or other immunosuppressive drugs. Simply rejecting the idea that he was actually using a corticosteroid is not a broad-scale rejection of Johnson v. Shulton or Warren v. McDonald. There's also other factual issues in this case, namely that he already has a rating under DC 7804. He was given a 20 percent rating on the basis that his two toenails are analogous to two painful scars. What is the relevance of that? The fact is that all of Mr. Tropiac's arguments about DC 7806 necessarily impinge on the Board's factual finding that DC 7804 best fits his disability picture. Veterans can't have two ratings for the same disability. So in order to get something higher under DC 7806, there would need to be fact-finding that the Board has already decided that DC 7806 doesn't best fit what he has because they gave him something under DC 7804. Because DC 7813, which covers this entire realm of skin infections, states that it should be rated based on the predominant disability. The Board decided that 7804 best fit his predominant disability. So that's another issue, a factual challenge that Mr. Tropiac is making in this case. So there's been no statutory or regulatory interpretation of here, neither of Johnson v. Shulkin, especially not of Johnson v. Shulkin. They did not misapply Warren v. McDonald. This is not a case about whether an antifundal medication can, in general, ever be systemic therapy. The issue is that in Warren, it addressed a pill that was conceded to have a systemic effect, and the Veterans Court simply found here that that was not the factual situation that was addressed by this case. Therefore, this court also does not have jurisdiction to the extent he's raising new antibiotic-related arguments that was never presented to the Veterans Court. And there's also no reason for a remand. There has been no change to the law that affects Mr. Tropiac's treatment that he actually uses. Throughout the entire time period, a 0% rating has always been warranted for a Veteran that uses a non-porticosteroid topical treatment over a small area of the body. So to the extent something changed related to topical porticosteroids, that does not affect Mr. Tropiac. And there's no basis in that. Are you saying that Johnson v. Shulkin doesn't have any impact at all on the case? I'm sorry. I want to make sure I understand what you just said. You said there's been no change in the law. Are you talking about Johnson? I'm saying, obviously, Johnson v. Shulkin changed how, well, it put back how DC 7806 should be interpreted in terms of the idea that topical porticosteroids and the extent of... So he changed the law, and then if he has a different set of facts, he could rely on that change? Yes, that's correct. And that is, again, the application of law to facts. So there's no basis here for the idea that if there's a factual dispute or the veteran would have liked to present different factual arguments, this case should be remanded to the veterans' court. If this is all about facts and the application of law to facts, which it is, that means the appeal should be dismissed. There's no basis to further ask the veterans' court to consider this or tell the board it looked at the wrong facts. If Mr. Tropiac now believes the board had the wrong facts or didn't use the right facts and the veterans' court should not affirm that, that necessarily asks this court to decide that the facts were insufficient, and this court does not have jurisdiction to do that. So, therefore, this appeal should be dismissed. Thank you. Thank you very much. You've got two minutes, Mr. Burbridge. Just a few points, Your Honor. As an initial point, this court has jurisdiction over the case. The veterans' court explicitly stated that it was interpreting the regulation at issue. It interpreted DC-7806 and also looked at the law post-Johnson. Did the Johnson decision actually change the law, or did it just clarify it? It changed the law. The Burton court found that it was a change of law. This court essentially stated that it was a change of law by specifying the plain language of what systemic therapy was, topical therapy, and specifically defining therapy as treatment. Therefore, topical treatment can now qualify as a treatment that contains— or, excuse me, that does not contain a corticosteroid. So, you argued for a remand. What is it you wanted a remand for? Your Honor, we need a remand in this case so that Mr. Tropic has— No, no, below. I think that before the veterans' court, you argued that the veterans' court should remand the matter. What was that argument? Yes, Your Honor, this was the argument that I pointed the court to earlier at JA-2150 to 2151. Specifically, I'd like to read this. He says that, here, the elusive clotrimazole cream 1% may constitute a systemic therapy like or similar to a corticosteroid or other immunosuppressive drug to warrant a higher disability rating. The board did not address this issue. A remand is warranted. Your Honor, in Hensley v. West, this court has stated that recognizing an error on part of the board, the proper course for the court of appeals of veterans' claims would have been to remand the case to the board for further development and application of the correct law. Since the ground given by the board for its decision led to an erroneous conclusion and, consequently, to an insufficient factual development of the record, its decision could not be affirmed. Your Honor, that's exactly what has happened in this case based on the change of evidentiary standards post-Johnson. Your Honor, I see that I'm out of time. If there are no further questions. Thank you very much for your time. Thank you.